OHIO FARMERS INSURANCE CO. et, Appellants v HEISEL, Sr., et, Appellees.

Ohio Appeals, First District, Hamilton County.

No. 6267. Decided May 24, 1943.

August A. Rendigs, Cincinnati, and Elmer E. Strasser, Cincinnati, for appellants.

John D. Andrews, Hamilton, and Walsh & Walsh, Cincinnati, for appellees.

## OPINION

By ROSS, P. J.

Appeal on questions of law from a judgment of the Court of Common Pleas of Hamilton county, sustaining a demurrer to a petition and dismissing the action, which was for a declaratory judgment.

The petition alleges that the plaintiffs are insurers of one John Heisel, Sr.; the contracts of insurance being evidenced by policies of automobile insurance providing in part to secure the assured against loss by reason of liability imposed by law for damages, arising out of the ownership, maintenance, or use of a certain automobile in the policies specifically described.

It is alleged that the vehicle in question became involved in a collision resulting in the death of two persons, one of whom was the son of the insured, the other, the driver of the other automobile involved in the collision. Administrators have been appointed for both decedents.

A claim, it is alleged, has been presented to the plaintiffs by the administrator of the driver of the other car involved in the collision, and it is further alleged that an additional claim may be presented by a passenger in the automobile operated by the deceased son of the insured.

There is a further allegation in the petition that the policies extended no coverage if the vehicle described in the policies was operated without the consent of the insured and that such automobile was operated not only without the consent of assured, but in direct conflict with and disobedience of his instructions.

It is further alleged that the insured has been notified of the refusal of plaintiffs to accept liability.

The prayer of the petition is as follows:

"WHEREFORE, plaintiffs pray the court for an order declaring and determining the rights, duties, and obligations of these plaintiffs and these defendants and further pray for an order declaring, determining and adjudicating that plaintiffs should not be and are not required to defend any actions brought by said Goldie W. Lowenstein, Executrix of the Estate of Joseph Lowenstein, or by said Russell Fehrenbach through his next friend; and that said policy described in this petition did not afford insurance protection to John Heisel, Sr., as Administrator of the Estate of Howard L. Heisel, deceased and did not cover the operation of the 1940 Pontiac Sedan at the time of the collision described herein and for such other and further relief in the premises to which plaintiffs may be entitled."

See: **Radaszewski v Keating, Extrx. et, 141 Oh St 489.**

Paragraph 4 of the syllabus in the case of **Schaefer v First National Bank of Findlay, 134 Oh St 511,** is as follows:

"While a granting of a declaratory judgment is within the sound discretion of the court, the jurisdiction to grant such a judgment is not limited by the terms of the statutes to those cases in which no remedy is available either at law or in equity."

The following sections of the Uniform Declaratory Judgments' Act are pertinent:

"Sec. 12102-2. Any person interested under a deed, will, written contract or other writings constituting a contract, or whose rights, status or other legal relations are affected by statute, municipal ordinance, contract or franchise, may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract, or franchise and obtain a declaration of rights, status or other legal relations thereunder."

"Sec. 12102-3. A contract may be construed either before or after there has been a breach thereof."

"Sec. 12102-6. The court may refuse to render or enter a declaratory judgment or decree where such judgment or decree, if rendered or entered, would not terminate the uncertainty or controversy giving rise to the proceeding."

"Sec. 12102-12. This act is declared to be remedial; its purpose is to settle and to afford relief from uncertainty and insecurity with respect to rights, status and other legal relations; and it is to be liberally construed and administered."

In the instant case it is apparent that the liability of the plain-

tiffs under the policies is a matter justiciable in character. This liability will be a matter of concern to a number of persons. Whether the insurer is required to defend actions which will be filed is also raised by allegations in the petition. A declaration by the court will obviously "terminate the uncertainty" upon the question of liability under the policies, as well as the question as to whether the plaintiffs are required to represent the insured in actions filed against him.

That other proceedings may intervene before the plaintiffs are required to respond with the payment of financial loss is not a valid reason for refusing to extend the services of the court in a case which seems to be of a type specifically contemplated by the legislature in creating this form and character of action.

It is to be borne in mind that the judgment in the trial court is predicated upon a demurrer to the petition   Matters extrinsic to the pleading may not be considered. Section 11309, GC., 31 O. Jur., 679.

For the reasons given, the judgment of the Court of Common Pleas is reversed and the cause remanded to that court for further proceedings in accordance with law.

HILDEBRANT and MATTHEWS, JJ., concur.